**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLOS EDUARDO SEGURA,

Plaintiff-Appellant,

v.

ALLEN COOPER,

Defendant-Appellee.

No. 05-2367

District of New Mexico

(D.C. No. CV 04-899 JH/LAM)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Carlos Eduardo Segura, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241. Mr. Segura challenges the computation of his sentence, claiming

that his two concurrent 18-month federal sentences for violation of supervised

release cannot be aggregated with another 144-month federal sentence because the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

good time credits for those sentences should be computed differently. He also contends that the good time credits for his 144-month federal sentence must be computed based on the length of the sentence imposed rather than on the time actually served. Because we find that Mr. Segura's good time credits have been properly computed, we **AFFIRM** the district court's denial of his petition.

In July 1987, Mr. Segura was arrested in California and charged with several federal drug offenses. He pleaded guilty to distribution of a controlled substance and possession with intent to distribute a controlled substance, both in violation of 21 U.S.C. § 841(a)(1). On November 16, 1987, the United States District Court for the Central District of California sentenced him to two concurrent sentences of nine years' imprisonment to be followed by eight years of supervised release. When Mr. Segura was released from prison in 1993, he was deported to Colombia and placed on non-reporting supervised release.

In 1996, Mr. Segura was arrested in Florida under the alias "Leon Martinez." He pleaded guilty to one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 14, 1997, the United States District Court for the Southern District of Florida sentenced him to 144 months' imprisonment, to be followed by a five-year term of supervised release. On June 4, 1997, the California district court revoked Mr. Segura's supervised release and sentenced him to serve two 18-month supervised release violator sentences, with the terms to run concurrently

with each other but consecutively to the 144-month sentence imposed by the Florida district court for the drug conviction.

On August 9, 2004, Mr. Segura filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentences. The magistrate recommended that Mr. Segura's petition be denied, finding that good time credits were properly computed under the same statute for both convictions with the credits accruing at a rate of 54 days per year of imprisonment served. In his objections to the magistrate's proposed findings and recommended disposition, Mr. Segura argued, for the first time, that his 144-month sentence imposed by the Florida court violated the Ex Post Facto Clause. He claimed that the Bureau of Prison's interpretation of the relevant statute, 18 U.S.C. § 3624(b), appeared in a regulation adopted after he had committed the crime and thus could not be applied retroactively.

The district court adopted the magistrate's recommendation with respect to computation of the sentence. While noting that Mr. Segura had failed to raise his Ex Post Facto Clause argument before the magistrate, and thus had waived it, the district court addressed the argument on the merits. The court held that the Ex Post Facto Clause did not apply because, by the time Mr. Segura had committed his offense, the Bureau of Prisons had already adopted its interpretation through internal agency guidelines expressed in a "Program Statement." D.C. Order 4.

Mr. Segura filed a timely appeal to this Court. Having carefully reviewed the magistrate's recommendation and the district court's order, we affirm the district court's dismissal of Mr. Segura's habeas petition for substantially the same reasons stated therein.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge